

FILED

OCT 1 0 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE,<br><br>Petitioner,<br><br>vs.<br><br>PAT MCTIGHE; ATTORNEY GENERAL OF THE STATE OF MONTANA;<br><br>Respondents. | Cause No. CV 18-120-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

On June 27, 2018, Tyrone Everett Payne filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Payne is a state prisoner proceeding pro se. His sentence expired on October 5, 2018.[1]

Payne alleges that his right to due process, as outlined under *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) and *Morrissey v. Brewer*, 408 U.S. 471 (1972), was repeatedly violated during his revocation proceedings in the Montana state district court. (Doc. 1 at 4, ¶ 13(A); 5, ¶ 13(B); 7; 8-10). First, Payne alleges the evidence presented at his evidentiary hearing did not support a finding of revocation by a

---

[1] *See*, (Doc. 4); *see also*, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3004191 (accessed October 9, 2018).

1

preponderance of the evidence. (Doc. 1 at 4, ¶ 13(A); 5, ¶ 13(B)). Next, Payne

asserts the district court erroneously admitted hearsay testimony from Payne's

supervising officer. *Id.* at 8-10. Finally, Payne alleges he was not provided

adequate notice in order to prepare a defense prior to his revocation hearing, also in

violation of his right to due process. *Id.* at 7.

## I.    Background

The Montana Supreme Court summarized Payne's procedural history as

follows:

> On January 6, 2014, Payne entered an "Alford" plea for Failure to
> Give Notice of Change of Address by a Sexual or Violent Offender.
> The District Court then sentenced him to the Montana State Prison for
> three years, with credit for 147 days served and the remainder to be
> suspended and unsupervised probation. On March 14, 2014, the State
> filed its first Petition to Revoke alleging Payne violated his terms of
> probation. The District Court revoked Payne's sentence and re-
> imposed the fully suspended three-year term to Montana State Prison
> with credit for 156 days served, but required supervised probation.
> On September 18, 2015, the State filed a second Petition to Revoke
> based on probation violations. The District Court once again revoked
> Payne's probation, imposed a three-year suspended sentence, and
> ordered all previous conditions re-imposed. On August 25, 2016, the
> State filed its third Petition to Revoke based on new probation
> violations which included indecent exposure, methamphetamine use,
> and failure to report to probation officers. On September 28, 2016,
> the District Court held an evidentiary hearing. The District Court
> found Payne in violation of conditions #5 (failing to check in with
> probation officer), #9 (laws and conduct), and #10 (admission of
> methamphetamine use). The District Court determined the State
> failed to prove alleged violation under condition #13 (failure to obtain
> chemical dependency evaluation). On October 4, 2016, in open court,
> the District Court revoked Payne's sentence and sentenced him to
> three years in Montana State Prison with no time suspended and

credited him for 364 days in custody. The District Court issued its
order setting forth Payne's sentence on October 20, 2016.

*State v. Payne*, 2018 MT 147N, Mem. Op., ¶ 3 (Mont. June 12, 2018).[2]

Payne filed a direct appeal following the revocation of his sentence,

advancing due process claims similar to those raised in his federal petition.

Payne's sentence was affirmed.

## II.   Analysis

As set forth above, all of the claims that Payne raises in the instant petition

stem from the events leading to the 2016 revocation of his suspended sentence.

Payne has now served out the entirety of his sentence and is under no form of

supervision. *See*, (Doc. 4.) Payne's petition should be denied in its entirety as

moot.

Article III, § 2 of the United States Constitution requires a "case or

controversy" for justiciability, meaning that an injury-in-fact has occurred.

Throughout litigation an individual "must have suffered, or be threatened with, an

actual injury traceable to the defendant and likely to be redressed by a favorable

judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

When an individual is incarcerated, a challenge to the validity of his conviction

satisfies the case-or-controversy requirement: the ongoing incarceration constitutes

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed October 9, 2018).

3

a concrete injury and it is redressable by invalidation of the conviction. *See,*

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court has recognized that

when challenging the conviction itself, the existence of collateral consequences

sufficient to satisfy the case-or-controversy requirement is presumed. *Id.* at 8,

citing *Carafas v. LaVallee*, 391 U.S. 234, 237-8 (1968). Examples of such

consequences include making one: liable to deportation, ineligible for

naturalization, unable to serve on a jury, unable to vote, or unable to hold office.

*See, Fiswick v. United States*, 329 U.S. 211, 221-223 (1946). This presumption is

justified because it is an "obvious fact of life that most criminal convictions do in

fact entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S.

40, 55-6 (1968).

    The analysis changes, however, once an individual has completed his

sentence. In *Spencer v. Kemna*, the Court found that the same adverse legal

consequences present for a criminal conviction were not found in parole revocation

proceedings. In the revocation context, the Court held that without proof of

ongoing collateral consequences from that revocation, an unconditional release

from custody moots a defendant's challenge to his allegedly erroneous revocation.

*Spencer v. Kemna*, 523 U.S. 1, 8-16 (1998).

    There, Spencer did not challenge his felony convictions, but rather the

lawfulness of the termination of his parole status. At the time of the Court's

decision, Spencer's reincarceration was over and could not "be undone." *Id.* at 8.
Consequently, the Court declined to extend the presumption of collateral
consequences that attach to criminal convictions in the revocation context,
concluding that in what would otherwise be a moot case, a case or controversy
exists only if the parties continue to have "a personal stake in the outcome," such
that "an actual injury [is] traceable to the defendant and [is] likely to be redressed
by a favorable judicial decision. *Id.*, at 7. For a defendant who already has served
his sentence, "some continuing injury other than the now-ended incarceration or
parole- some 'collateral consequence' of the conviction- must exist if the suit is to
be maintained." *Id.* Unlike a criminal conviction, "[n]o civil disabilities… result
from a finding that an individual has violated his parole." *Id.* at 12, (quoting *Lane
v. Williams*, 455 U.S. 624, 632 (1982)). Spencer was unable to establish adequate
collateral consequences.

Prior to *Spencer*, the Ninth Circuit held that a sentence could be challenged,
even if it has been completely served, if there might be "'collateral consequences
for a defendant in any possible future sentencing." *United States v. Schmidt*, 99 F.
3d 315, 317 (9th Cir. 1996); *United States v. Dickey*, 924 F. 2d 836, 838 (9th Cir.
1991). But in light of *Spencer*, the Circuit overruled prior precedent, holding that
collateral consequences cannot be presumed where a defendant has already served
his entire sentence. *United States v. Palomba,* 182 F. 3d 1121, 1222 (9th Cir.

5

1999).  Palomba did not challenge the validity of his conviction, just the calculation of his sentence.  *Id.*

Much like *Spencer* and *Palomba*, Payne has not established collateral consequences to meet the case-or-controversy requirement for justiciability of his claim under Article III, § 2 of the United States Constitution.  Payne has served his entire sentence and is not currently under any form of supervision.  All of the claims Payne makes surround the actions leading up to his revocation hearing and the subsequent sentence that was imposed.  Putting aside his now complete custodial sentence, Payne has not demonstrated the existence of a continuing injury or collateral consequence.  Without such a showing there is nothing to maintain Payne's petition.  *Spencer*, 523 U.S. at 7; *Palomba*, 182 F. 3d at 1123.  Because Payne has been released from custody and is not subject to a term of supervision, his claims should be dismissed as moot.

## III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

6

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Payne has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Payne's petition (doc. 1) should be DENIED as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Payne may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Payne is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Payne must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 10th day of October, 2018.


*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge